UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-18

TINA MICHELLE BLACK, et al.,                                                                              PLAINTIFFS

v.                                                **OPINION AND ORDER**

FRANKLIN COUNTY, KENTUCKY,
JAMES KEMPER, JR. AND
TED HAMMERMEISTER,                                                                                        DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on various motions by the parties.

I.   **BACKGROUND.**

This action was initially filed on March 28, 2005 by three Plaintiffs who alleged that they were strip searched by employees of the Franklin County Correctional Complex ("FCCC") after they were arrested for minor offenses. The Plaintiffs asserted claims under 42 U.S.C. § 1983, alleging that the Defendants violated the Plaintiffs' rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the Constitution. On April 6, 2005, the Plaintiffs filed a Motion to Determine Propriety of Class Action. On May 9, 2005, the Plaintiffs filed an Amended Complaint naming 24 additional Plaintiffs.

Subsequently, the Court dismissed the claims of 11 of the Plaintiffs. The Court further dismissed the claims against the FCCC, the Plaintiffs' Ninth Amendment claims and the Equal Protection claims of all the Plaintiffs except for Plaintiff Black. Accordingly, there are currently 16 Plaintiffs in this action all of whom assert that the Defendants violated their Fourth, Fifth and Eight Amendment rights. In addition, Plaintiff Black asserts an Equal Protection claim.

On July 18, 2005, the Court entered an Agreed Order (Rec. No. 31) by which the Plaintiffs'

Motion to Determine Propriety of Class Action was voluntarily withdrawn because the parties agreed that "additional class discovery may be necessary before such motion is ripe." The parties later agreed to make initial disclosures under Fed. R. Civ. P. 26(a)(1) on December 5, 2005 and that all discovery would be completed by December 31, 2006. (Rec. No. 38).

## II. CURRENT MOTIONS.

### A. Motion to Strike Class Action Allegations (Rec. No. 42) and Motion to Stay Same (Rec. No. 45).

On February 22, 2006, the Defendants filed a motion to have the class action allegations stricken or dismissed from the Plaintiffs' Amended Complaint. (Rec. No. 42). The Defendants argue that the class allegations should be stricken because this matter does not meet the requirements for a class action under Fed. R. Civ. P. 23. On March 14, 2006, the Plaintiffs responded with a motion to stay the Defendants' motion to strike the class allegations. (Rec. No. 45). Plaintiffs state that, since the filing of the First Amendment Complaint on May 9, 2005, Plaintiffs' counsel has been contacted by or on behalf of numerous other former or present inmates of the FCCC indicating that they had been illegally strip searched by the Defendants. Thus, on January 24, 2006, the Plaintiffs served interrogatories and documents requests upon the Defendants asking for information and documents regarding all individuals who were arrested for non-violent, minor offenses between March 28, 2004 and the present who were strip searched at the FCCC. In addition, the Plaintiffs requested information and documents pertaining to all individuals arrested for any offense since March 28, 2004 who were strip searched at the FCCC.

The Defendants have objected to the requested information on several grounds including that the information is irrelevant and overly burdensome. Plaintiffs state that they are narrowing their discovery requests and ask the Court to stay the Defendant's motion to strike or dismiss the class action allegations until at least November 1, 2006 and that the deadline to amend pleadings be extended until

October 1, 2006. In Reply (Rec. No. 48), the Defendants argue that delaying a ruling on class certification until after discovery will significantly prejudice the Defendants because they will have to take discovery without knowing whether this action is a class action. On July 21, 2006, the Plaintiffs moved to compel the Defendants to produce all strip search forms for all inmates from March 28, 2004 to present and copies of the inmate files of 56 identified inmates. (Rec. No. 62 and Rec. No. 70 at 2).

On September 8, 2006, the Magistrate Judge entered an Order extending the deadline to amend pleadings until October 2, 2006 and extending discovery until February 28, 2007. The Magistrate Judge denied the Plaintiffs' Motion to Compel, pending a ruling on the class certification issue and vacated the scheduled pre-trial and trial dates for this action with new dates to be determined by this Court.

The party seeking to certify a class action has the burden of demonstrating that all of the prerequisites of Rule 23(a) are met, and that the proposed class falls within one of the subcategories listed in Rule 23(b). *Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976). Federal Rule of Civil Procedure 23(c)(A)(1) provides that "[w]hen a person sues or is sued as a representative of a class, the court must – at an early practicable time – determine by order whether to certify the action as a class action." Moreover, the district court "has a duty to certify the class action whether requested to do so or not." *Senter v. General Motors Corp.*, 532 F.2d 511, 520-21 (1976).

The Defendants argue that they will be prejudiced by postponing a ruling on class certification until after discovery because they will not know during discovery if this matter is a class action or not. In *In re Am. Medical Systems, et al.,* 75 F.3d 1069 (6th Cir.1996), the Sixth Circuit stated the following with regards to discovery on the issue of class certification:

> Although Rule 23 requires that a class certification "shall" be decided "as soon as practicable" after the commencement of an action, Fed.R.Civ.P. 23(c)(1), this does not mandate precipitate action. The court should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues.

3

*Id.* at 1086 (quoting *Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library Inc.,* 586 F.2d 962, 966 (2d Cir.1978)). Because the Court is unable to determine whether this action meets the requirements of Rule 23 on the existing record, the Court will permit discovery to proceed before striking the class allegations from the Complaint. The Court further notes that the parties did not make initial disclosures under Rule 26 until December 2005 and the Plaintiffs served discovery requests regarding their class allegations in January 2006. Thus, the Plaintiffs did not unnecessarily delay in seeking evidence supporting their class allegations.

The Court will, however, require that any Motion for Class Certification be filed within 60 days of the entry date of this Opinion and Order. Failure to file any such motion will result in the striking of the class allegations from the Complaint. The Court will also set aside the January 31, 2007 deadline for dispositive motions. The Court will set a new deadline for dispositive motions and new pretrial and trial dates by a separate Amended Scheduling Order.

### B. Defendants' Motions for Summary Judgment (Rec. Nos. 52 and 53)

The Defendants have filed a Motion for Summary Judgment (Rec. Nos. 52) in which they ask the Court to dismiss the claims of Jonathan Cox on the basis that discovery has established that Cox was still incarcerated at the time this action was filed and failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, *et seq.* The Defendants have also filed a Motion for Summary Judgment (Rec. No. 53) asking that the Court dismiss the claims of Plaintiff Tommy Cummins on the basis that his claims are time barred.

In their responses (Rec. Nos. 54 and 55), the Plaintiffs state they have no objection to the Defendants' motions but ask that the claims by Cox and Cummins be dismissed without prejudice and that the dismissals be certified for interlocutory appeal. The Court will GRANT the Defendants' Motions for Summary Judgment (Rec. Nos. 52 and 53) and will dismiss the claims of Cox and Cummins.

Because the Court has no basis for dismissing these claims without prejudice, the Court will dismiss the claims with prejudice. Finally, the Court has no basis for certifying the dismissal of these claims for interlocutory appeal and, thus, declines to do so.

    **C.**     **Motion to Reconsider (Rec. No. 60).**

The Defendants have also filed a Motion to Reconsider (Rec. No. 60), asking the Court to reconsider its prior opinion that the PLRA does not apply to any of the Plaintiffs who were no longer prisoners at the time they filed their claim in federal court. The Defendants argue that, in light of the Supreme Court's recent decision in *Woodford v. Ngo*, 126 S. Ct. 2378 (2006), this Court should find that the PLRA applies to former prisoners. *Woodford*, however, involved a prisoner who was currently incarcerated at the time that he filed his claim in federal court. *Id*. at 2383. It did not involve a complaint by a former prisoner. The issue there was "whether a prisoner can satisfy the [PLRA's] exhaustion requirement, 42 U.S.C. § 1997e(a), by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 2382. The case did not involve the issue facing this Court or which the Court decided in its prior Opinion, which is whether the PLRA applies to a former prisoner. Thus, *Woodford* does not provide the Court with any basis for reconsidering its prior Opinion and the Motion to Reconsider will be DENIED.

    **III.**     **CONCLUSION.**

For all the above reasons:

1)     The Defendants' Motion to Strike Class Action Allegations (Rec. No. 42) from the Complaint is DENIED:

2)     The Plaintiffs' Motion to Continue or Table the Motion to Strike (Rec. No. 45) is DENIED, the Court having ruled on the Motion to Strike;

3)     The Plaintiffs' Motion to Extend the Deadline to Amend Pleadings (Rec. No. 45) is

5

DENIED as moot, the Magistrate Judge having ruled on the same;

4) The Defendants' Motions for Summary Judgment (Rec. No. 52 and 53) are GRANTED;

5) The Claims of the Plaintiffs Jonathan Cox and Tommy Cummins are hereby DISMISSED with prejudice;

6) The Defendants' Motion for Leave to File Supplemental Memorandum (Rec. No. 59) is GRANTED;

7) The Defendants' Motion to Reconsider (Rec. No. 60) is DENIED; and

8) Any Motion to Certify this action as a Class Action must be filed within 60 days of the entry date of this Order with Response and Reply briefs permitted according to the Local Rules.

Dated this 28th day of September, 2006.

**Signed By:**

*Karen K. Caldwell* KKC

**United States District Judge**