UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT
CIVIL ACTION NO.: 05-18-KKC

**TINA MICHELLE BLACK, et al.,**                                              **PLAINTIFFS**

v.

**FRANKLIN COUNTY, KENTUCKY, et al.,**                                  **DEFENDANTS**

**REPORT & RECOMMENDATION**

Although six non-dispositive motions have been disposed of by Memorandum Order filed this day, a seventh motion which seeks dismissal of certain plaintiffs as a sanction under Rule 37 [DE #102] will be addressed herein pursuant to local practice. *See* 28 U.S.C. §636(b). As indicated in the Memorandum Order, the defendants' motion has been to denied as to certain plaintiffs, but is appropriate as to plaintiffs Jillian Baker and Darren Dean Hockensmith for failure to prosecute, failure to participate in discovery, and failure to comply with the prior discovery orders of this court.

Dismissal is a sanction which should be used "if the Court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering & Mf'g Co.*, 15 F.3d 546, 552 (6th Cir. 1994). "If a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). *See also Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990).

1

While dismissal is obviously the harshest sanction which can be imposed for discovery abuses, it is warranted in some cases. However, dismissal under either Rule 37 or Rule 41(b) should be imposed only after consideration of the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Regional Refuse System, Inc. v. Inland Reclamation Co.* 842 F.2d at 153-55.

In this case, all factors favor the dismissal of the two identified plaintiffs' claims. The plaintiffs' repeated failure to respond to legitimate discovery requests violated the Civil Rules of Procedure and this court's prior orders of September 8 and December 29, 2006, and can only be viewed as deliberate. The defendants have been prejudiced by their inability to obtain discovery within the time frame mandated by this court and by being put to additional expense of filing repeated motions. The plaintiffs have had sufficient notice of the possibility of dismissal based upon their failure to respond to defendants' discovery requests. Not only did this court previously order plaintiffs to respond, but in its order of December 29, 2006 the court specifically warned plaintiffs that dismissal would be recommended should they continue to fail to respond. *See Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)(flatly rejecting any argument that the plaintiff lacked notice that the district court was contemplating dismissal, in light of the fact that the defendant had filed a motion to dismiss); *Regional Refuse Systems,Inc.*,842 F.2d at 154 (same). Lesser sanctions were explicitly considered and imposed in the court's previous order and plaintiffs were permitted time to "show cause" for their failure

to respond. Monetary sanctions are no longer a realistic alternative given plaintiffs' complete failure to participate in the discovery process and the lack of any legitimate justification for their repeated failures to do so.

**ACCORDINGLY, IT IS RECOMMENDED THAT** the defendants' motion to dismiss the claims of identified plaintiffs [DE #102] be **granted in part** and that the claims of Jillian Baker and Darren Dean Hockensmith be **dismissed** with prejudice for failure to prosecute, failure to respond to discovery, and failure to comply with this court's September 8 and December 29, 2006 orders.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 26th day of March, 2007.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge